IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action Nos. RDB-09-574 |
| | | RDB-19-164 |
| DUANE MAURICE BURTON, | * | RDB-20-10 |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

In the above-captioned, three separate criminal cases, Defendant Duane Maurice Burton ("Defendant" or "Burton") pled guilty, pursuant to a plea agreement, to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), (f), and two violations of his supervised release conditions based on those robberies. (ECF No. 33, Case No. RDB-19-164; ECF No. 68, Case No. RDB-09-574.) On January 21, 2021, this Court sentenced Burton to 144 months on the bank robbery convictions, to be served concurrently and with credit for time served in federal custody since May 24, 2019, (ECF No. 51, Case No. RDB-19-164; ECF No. 15, Case No. RDB-20-10), and 24 months on the supervised release violations to be served consecutively to the bank robbery sentences, (ECF No. 79, Case No. RDB-09-574). As of the date of this filing, Burton is 48-years-old and incarcerated at FCI Petersburg Medium in Hopewell, Virginia, with a projected release date of January 31, 2030. *See Find an Inmate*, FED. BUREAU OF PRISONS, available at https://www.bop.gov/mobile/find_inmate (last accessed July 15, 2025; search by register number: 33008-037).

There are several post-conviction motions filed *pro se* by Burton that remain pending in the above-captioned cases, including: (1) a Motion to Set Aside and Dismiss All Sentences

1

(ECF No. 99, Case No. RDB-09-574; ECF No. 29, Case No. RDB-20-10), filed October 13, 2022; (2) a Motion to Reduce Sentence (ECF No. 95, Case No. RDB-19-164), filed August 18, 2023; and (3) a Motion to Reduce Sentence Amendment 821 to the United States Sentencing Guidelines (ECF No. 101, Case No. RDB-09-574; ECF No. 97, Case No. RDB-19-164).

Preliminarily, this Court notes that the first mentioned motion—Burton's *pro se* Motion to Set Aside and Dismiss All Sentences (ECF No. 99, Case No. RDB-09-574; ECF No. 29, Case No. RDB-20-10), filed October 13, 2022, was previously DENIED by this Court via Memorandum Opinion and corresponding Order (ECF Nos. 92; 93, Case No. RDB-19-164) filed March 16, 2023 in RDB-19-164. Accordingly, by separate Order, this Court instructs the Clerk of Court to update the dockets accordingly.

With respect to the other two pending *pro se* motions, the Court has reviewed the submissions and finds that no response from the Government is necessary, nor is a hearing necessary. *See* Local Rule 105.6 (D. Md. 2025). For the reasons that follow, Burton's *pro se* Motion to Reduce Sentence (ECF No. 95, Case No. RDB-19-164) is DENIED; and his *pro se* Motion to Reduce Sentence Amendment 821 to the United States Sentencing Guidelines (ECF No. 101, Case No. RDB-09-574; ECF No. 97, Case No. RDB-19-164) is DENIED.

**BACKGROUND**

In three separate criminal cases, Defendant Duane Maurice Burton pled guilty, pursuant to a plea agreement, to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), (f), and two violations of his supervised release conditions based on those robberies. (ECF No. 33, Case No. RDB-19-164; ECF No. 68, Case No. RDB-09-574.) The following

facts were stipulated in the plea agreement.

Burton has two prior federal convictions of bank robbery. (*Id.* at 11.) Between December 26, 2018 and February 14, 2019, and while on supervised release for one of his prior federal convictions, Burton robbed three banks located in Delaware and Maryland, and stole over $7,300.00. (*Id.*) For all three robberies, Burton was identified wearing similar clothing and glasses, and for two of the robberies, he wore gray New Balance shoes. (*Id.*) On February 27, 2019, law enforcement executed a federal search warrant for Burton's residence and found the gray sneakers he had worn during the robberies. (*Id.* at 12.) Petitioner was arrested that same day. (*Id.*) Following his arrest, Burton waived his *Miranda* rights and admitted to robbing WSFS Bank in Newark, Delaware, on December 26, 2018; PNC Bank in Elkridge, Maryland, on February 8, 2019; and Bank of America in Baltimore, Maryland, on February 14, 2019.

On April 2, 2019, a federal grand jury returned an indictment charging Burton with two counts of bank robbery, in violation of 18 U.S.C. § 2113 and 18 U.S.C. § 2 (the "Maryland Indictment"). (ECF No. 1, Case No. RDB-19-164.) Around the same time, Burton was indicted on a single count of bank robbery in the United States District Court for the District of Delaware (the "Delaware Indictment"). (*See* ECF No. 1-1, Case No. RDB-20-10.) The Delaware case was transferred to the District of Maryland pursuant to Fed. R. Crim. P. 20, and the two cases were consolidated before the Undersigned Judge with the consent of both parties. (ECF No. 1, Case No. RDB-20-10.)

On January 17, 2020, Burton pled guilty to Count One of the Maryland Indictment (ECF No. 1, Case No. RDB-19-164) and Count One of the Delaware Indictment (ECF No.

3

1-1, Case No. RDB-20-10), which both charged Burton with bank robbery in violation of 18 U.S.C. § 2113; and to violations of supervised release in a separate case related to his prior federal convictions for bank robbery. (ECF No. 33, Case No. RDB-19-164; ECF No. 68, Case No. RDB-09-574.) Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties stipulated to an agreed sentence of 144 months, but the parties reached no agreement as to the appropriate sentence for his violation of supervised release. (*Id.* ¶ 10.) The parties stipulated that Burton was to be classified as a career offender under Section 4B1.1(a) of the advisory United States Sentencing Guidelines, due to two his prior felony convictions for bank robbery. (*Id.* ¶ 6(e).) This classification yielded a guideline range of 151 to 188 months imprisonment and a final offense level of 29. (*Id.* ¶ 6(g).)

On January 21, 2021, this Court sentenced Burton to the agreed 144 months on the bank robbery convictions, to be served concurrently and with credit for time served in federal custody since May 24, 2019, (ECF No. 51, Case No. RDB-19-164; ECF No. 15, Case No. RDB-20-10), and 24 months on the supervised release violations to be served consecutively to the bank robbery sentences, (ECF No. 79, Case No. RDB-09-574).

Despite his guilty plea, Burton has filed several challenges to his sentence. He has unsuccessfully appealed his sentence to the United States Court of Appeals for the Fourth Circuit, (ECF No. 97, Case No. RDB-09-574; ECF No. 72, Case No. RDB-19-164; ECF No. 27, Case No. RDB-20-10); and unsuccessfully moved for compassionate release and to vacate his sentence under 28 U.S.C. § 2255, (ECF Nos. 92; 93; 94, Case No. RDB-19-164). The instant Memorandum Opinion concerns Burton's *pro se* Motion to Reduce Sentence (ECF No. 95, Case No. RDB-19-164) and his *pro se* Motion to Reduce Sentence Amendment 821 to the

4

United States Sentencing Guidelines (ECF No. 101, Case No. RDB-09-574; ECF No. 97, Case No. RDB-19-164), which are ripe for review.

## ANALYSIS

As Defendant Duane Maurice Burton has filed his Motion *pro se*, his motions and related filings will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

### I. Motion to Reduce Sentence (ECF No. 95, Case No. RDB-19-164)

Through his *pro se* motion filed in RDB-19-164 at ECF No. 95, Burton "seek[s] a reduction in . . . sentence." The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act now permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A). Once these mandatory conditions are satisfied, a Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *see United States v. Malone*, 57 F.4th 167, 194 (4th Cir. 2023).

### A. Administrative Exhaustion

Burton has satisfied his administrative remedies. One of the mandatory conditions laid out in 18 U.S.C. § 3582(c)(1)(A) requires a defendant to demonstrate that "[he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C § 3582(c)(1)(A).

On June 6, 2023—before Burton filed his August 18, 2023 motion—Defendant asked the Bureau of Prisons to act on his behalf, requesting compassionate release for "Debilitating Medical Conditions." (ECF No. 95-1 at 2, Case No. RDB-19-164.) The warden denied that request on July 3, 2023. (*Id.*) The Court therefore finds that Burton has exhausted his administrative remedies under § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reasons

Nevertheless, Burton has failed to present an extraordinary and compelling reason for sentence reduction. The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A)(i). 28 U.S.C. § 994(t). The Commission has identified six possible circumstances that viewed separately or together may establish "extraordinary and compelling reasons" for a sentence reduction. These reasons include:

   (1) a serious medical circumstance of the defendant;
   (2) a defendant who is 65 years old that suffers from serious health deterioration and has served either 10 years or 75 percent of his or her term;
   (3) the death or incapacitation of an immediate family member;
   (4) the defendant being a victim of abuse while in custody;
   (5) other reasons of similar gravity as (1)–(4); and
   (6) unusually long sentence if the defendant has served at least ten years.

U.S.S.G. § 1B1.13(b)(1)–(6).

As a preliminary matter, this Court observes that, while Burton's request to the warden cited "Debilitating Medical Conditions," (ECF No. 95-1 at 2, Case No. RDB-19-164), his *pro se* motion to the Court makes no mention of any such condition, but rather plainly challenges the validity of his conviction and sentence, (ECF No. 95, Case No. RDB-19-164 at 1–6). "[A] compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence." *United States v. Ferguson*, 55 F.4th 262, 272 (4th Cir. 2022). Such challenges "must be brought via § 2255." *Id.* at 271. And while "no matter how an inmate characterizes his request for relief, the substance of that request controls." *Id.* at 270. "If in substance he attacks his conviction and/or sentence, his filing is subject to the rules set forth in § 2255," which bars second or successive habeas petitions. *Id.* Burton has already filed a post-conviction challenge to the validity of his sentence under 28 U.S.C. § 2255, which this Court denied via Memorandum Opinion and Order filed March 16, 2023. (ECF Nos. 92; 93, Case No. RDB-19-164.) Thus, any arguments he raises in the instant motion under 28 U.S.C. § 2255 must be considered successive, and absent pre-filing authorization from the Court of Appeals, this Court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Nevertheless, the Court will consider the reason Burton cited in his request to the warden—"Debilitating Medical Conditions." (ECF No. 95-1 at 2, Case No. RDB-19-164.) Attached to his motion is an "FCC PETERSBURG MEDICAL SUMMARY" dated April 11, 2022. (*Id.* at 3.) While the summary notes that he has a "medical history significant for non-insulin dependent diabetes," the summary indicates that he receives regular treatment,

that his diabetes is "well[-]controlled," that Burton "is capable of performing instrumental activities of daily living independently," and that "[g]iven his compliance with current treatment and lack of deteriorating function, there is no reason to suspect a shortened life span." (*Id.*) As such, he has not identified an extraordinary and compelling reason for a sentence reduction.

### C. Section 3553(a) Factors

Even if Burton had identified an extraordinary and compelling reason for a sentence reduction, the Court would have to consider the applicable factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). These factors require this Court to consider: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline range; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants. 18 U.S.C. § 3553(a).

Burton does not address these factors in his motion. (ECF No. 95, Case No. RDB-19-164 at 1–6.) The Court briefly notes that Burton's criminal history and nature of the offenses of conviction caution strongly against a sentence reduction. Accordingly, the Court DENIES Burton's *pro se* motion filed in RDB-19-164 at ECF No. 95.

**II.    Motion to Reduce Sentence Amendment 821 to the United States Sentencing Guidelines (ECF No. 101, Case No. RDB-09-574; ECF No. 97, Case No. RDB-19-164)**

Through his *pro se* motion filed in RDB-09-574 at ECF No. 101 and in RDB-19-164 at ECF No. 97, Burton moves for a reduction of his sentence pursuant to Amendment 821 of

8

the United States Sentencing Guidelines.[1]  Ordinarily, a federal court may not "modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  This "rule of finality," however, is subject to a few narrow exceptions," *Freeman v. United States*, 564 U.S. 522, 526 (2011), such as 18 U.S.C. § 3582(c)(2), which permits a court to lower the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if a reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines.

Under § 3582(c)(2), a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).  One such retroactive amendment is Amendment 821 to the Sentencing Guidelines.  Amendment 821 is a multi-part amendment.  As relevant here, Part A limits the criminal history impact of "status points"—i.e., criminal history points assigned to defendants for committing an offense while under a criminal justice sentence—on a defendant's criminal history calculation.  For defendants sentenced before the amendment, Part A instructs courts: (1) to remove one status point for individuals with seven or more criminal history points and (2) to eliminate status points for those with six or less criminal history points.  *See* U.S.S.G. § 4A1.1(e).

---

[1] As with his *pro se* motion for a sentence reduction (ECF No. 95, Case No. RDB-19-164), the bulk of Burton's *pro se* Amendment 821 Motion challenges the validity of his conviction and sentence, (ECF No. 101, Case No. RDB-09-574; ECF No. 97, Case No. RDB-19-164).  As noted *supra*, such challenges "must be brought via § 2255," which bars second or successive habeas petitions.  *United States v. Ferguson*, 55 F.4th 262, 270–71 (4th Cir. 2022).  Because Burton has already filed a post-conviction challenge to the validity of his sentence under 28 U.S.C. § 2255, which this Court denied via Memorandum Opinion and Order filed March 16, 2023, (ECF Nos. 92; 93, Case No. RDB-19-164), any arguments he raises in the Amendment 821 Motion under § 2255 must be considered successive, and absent pre-filing authorization from the Court of Appeals, this Court lacks jurisdiction to consider a second or successive petition.  *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

However, even after Amendment 821 went into effect, defendants who are deemed "career offenders" pursuant to Guideline § 4B1.1 receive a criminal history category of VI toward the calculation of their applicable sentencing range. The automatic placement into criminal history category VI renders the retroactive one-status point reduction available through Amendment 821 irrelevant for career offenders because the status point calculation provided in Guideline § 4A1.1 is used only to determine the applicable criminal history category. In other words, because a career offender's criminal history category is not determined by the status point calculation in Guideline § 4A1.1 that Amendment 821 alters, the calculation of a career offender's sentence is unaffected by Amendment 821, Part A.

Under the Guidelines, a defendant qualifies as a career offender if he was (a) eighteen years or older at the time he committed the offense for which he is being sentenced; (b) the offense for which he is being sentenced is a felony that is either a crime of violence or a controlled substance offense; and (c) the defendant has at least two prior felony convictions either for a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1(a). Burton satisfies each of these necessary requirements. First, he was in his forties when he committed the instant offenses. Second, the offense for which he was sentenced—bank robbery—is a felony that is a crime of violence. Third, the PSR details Burton's two prior felony convictions, both of which were for crimes of violence. Accordingly, because Defendant automatically qualifies for criminal history category VI, the one-status point reduction in the calculation of criminal history points provided by Amendment 821, Part A, does not affect the calculation of his sentencing range. His *pro se* motion filed in RDB-09-574 at ECF No. 101 and in RDB-19-164 at ECF No. 97 shall be DENIED on this basis.

Moreover, Burton was sentenced to a term of imprisonment within the Guidelines. The PSR calculated an imprisonment range of 151 to 188 months, based on a total offense level of 29 and a criminal history category of VI.  (ECF No. 8, Case No. RDB-20-10.)  While the parties agreed to a sentencing range of 144 months for the bank robbery charges within the plea agreement, the parties made no agreement on the appropriate sentence for Burton's supervised release violations.  (ECF No. 33, Case No. RDB-19-164; ECF No. 68, Case No. RDB-09-574.)  Ultimately, the Court sentenced Burton to a total of 168 months, sentencing him to the agreed 144 months on the bank robbery charges, (ECF No. 51; Case No. RDB-19-164; ECF No. 15, Case No. RDB-20-10), and 24 months on the supervised release violations to be served consecutively to the bank robbery sentences, (ECF No. 79, Case No. RDB-09-574).

## CONCLUSION

For the reasons stated above, it is hereby ORDERED this 17th day of July, 2025, that: the Clerk of Court **SHALL** update the docket to reflect that the motion pending at ECF No. 99 in RDB-09-574 and ECF No. 29 in RDB-20-10 were previously DENIED by this Court's Memorandum Opinion (ECF No. 92) and corresponding Order (ECF No. 93), filed in Criminal Action No. RDB-19-164 on March 16, 2023; Burton's Motion to Reduce Sentence (ECF No. 95, Case No. RDB-19-164) is **DENIED**; and Burton's Motion to Reduce Sentence Amendment 821 to the United States Sentencing Guidelines (ECF No. 101, Case No. RDB-09-574; ECF No. 97, Case No. RDB-19-164) is **DENIED**.

A separate Order follows.

/s/
Richard D. Bennett
United States Senior District Judge